Wash, J.,
delivered the opinion of th,e Court.
Hackney sued out an attachment before.a Justice of the Peace, against the property of one Roberts, and had Williams summoned as garnishee; on the return day of the summons, Roberts, the defendant in the attachment, failed to appear. Williams, the garnishee, appeared and answered.
On the day of trial, Roberts again failed to appear, and judgment was rendered against him, and it appearing from the answer of Williams, that he was indebted to Roberts in a larger sum than the amount of the judgment obtained by Hackney, judgment was also given by the Justice against Williams the garnishee, for the amount recovered against Roberts. From this judgment, Williams appealed to.the-Circuit Court, where-the. judgment of the Justice, was reversed) and the cause dismissed for want of a good and sufficient affidavit, on which the attachment was sued out against Roberts. From this judgment of the Circuit Court, reversing the judgment of the Justice, and dismissing the case, Hackney appealed; and now seeks to have the same reversed in this Court. When the motion was made in the Circuit Court to reverse the judgment of the Justice, and to dismiss the cause for want of a sufficient affidavit, to authorize the proceedings by attachment before the Justice, the attorney for.-Hackney tendered- an affidavit in due form, and the only question that need be now considered is, whether, under the provisions of an act of the General Assembly, passed on the 17th February, 1821, entitled, "An Act supplementary to an act to provide a method.of proceeding against absent and absconding debtors, approved February 6tb, 1825.
The Circuit Court ought to have allowed the plaintiff to amend the defect of the original affidavit, by filing-the.one which was tendered in due form, &c. The first section of the. act above referred to provides, that no,writ of attachment hereafter to be issued, either by a Circuit Court or a Justice of the Peace, shall be dissolved, nor the property taken thereon be restored; &c., on account of'any insufficiency of the-original affidavit, if the plaintiff,' or some credible pqESon for him, shalf file a legal and sufficient affidavit in such time and manner as the Courts or-Justices respectively shall in their discretion, direct, and in that event the cause shall proceed as if the original affidavit had been sufficient under this provision of the law, it is contended: by the appellee’s counsel, that the new or amended affidavit provided for can be taken only by the.Justice, or the Court before whom or in which the proceeding was instituted. We think, however, that the expression in the statute, “ if the plaintiff,, er some credible person for him,.shall file a.legal and sufficient affidavit in such time, and manner as the Conrts„or Asitos.respectiy.ely shffil in their, discretion direct/? is, *321 not to Be construed as limiting the power of permitting the amendment to the Justice or Court before whom or in which the error was committed; but as giving it to either, before whom the objection may be raised, and to whom the application to amend may be made. Wo reason can be perceived why the power should not be exercised by the Circuit Court in a case commenced before a Justice of the Peace, as well as in any other. In furtherance of the views of the Legislature, the act should be liberally construed, and we think the Circuit Court erred in refusing the plaintiff leave to file the affidavit of Alexander Gibony, in lieu of the original affidavit of Hackney, which was defective, and in reversing the judgment of the Justice, and dismissing the cause. Its judgment must, therefore, be reversed, and this cause remanded, with directions to that Court to reinstate the same and proceed to a new trial conformably to this opinion.